United States District Court
Southern District of Texas
**ENTERED**
March 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWIN GUS SCHNEIDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00156 |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

On December 5, 2025, United States Magistrate Judge Julie K. Hampton issued her "Memorandum and Recommendation to Retain Case and Dismiss Certain Claims" (D.E. 19). Plaintiff Edwin Gus Schneider was provided proper notice of, and opportunity to object to, the Magistrate Judge's memorandum and recommendation ("M&R"). Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); General Order No. 2002-13.

On February 2, 2026, Plaintiff filed with the Court a notice that he would not be filing any objections. *See* D.E. 29. When no timely and proper objection to a magistrate judge's memorandum and recommendation is filed, the district court need only satisfy itself that there is no clear error on the face of the record and accept the magistrate judge's memorandum and recommendation. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)).

1 / 5

Having reviewed the findings of fact and conclusions of law set forth in the Magistrate Judge's memorandum and recommendation (D.E. 19), and all other relevant documents in the record, and finding no clear error, the Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the Court:

- **RETAINS** Plaintiff's Fourteenth Amendment due process claims against:

    o Executive Director Collier in his individual capacity;

    o Former Director (and current Executive Director) Lumpkin in his individual and official capacity;

    o Director Guerrero in his individual and official capacity;

    o Oscar Mendza, TDCJ's Deputy Manager of Management Operations overseeing the Security Threat Management's Office, in his individual and official capacity;

    o Security Threat Group supervisor and/or manager Garcia in his individual and official capacity;

    o Security Threat Group supervisor and/or manager Bledsoe in his individual and official capacity;

    o Warden Wysocki in her individual and official capacity;

    o Assistant Warden Samaniego in his individual and official capacity;

    o John/Jane Doe (the SCC's No. 1 Chairperson at the March 28, 2024 review) in his or her individual and official capacity;

    o Lt. Barrera (an SCC member) in her individual and official capacity;

    o Ms. Immon (the McConnell unit's Classification Chief) in her individual and official capacity;

    o M. Bety (SCC representative at the October 18, 2023 SCC hearing) in her individual and official capacity;

2 / 5

- o John/Jane Doe #2 (SCC member present at the October 18, 2023 hearing) in his or her individual and official capacity;

- o K. Cuellar (the 3rd member of the SCC Committee on October 18, 2023) in his individual and official capacity;

- o SCC John/Jane Doe (Representative at the Security Detention Review hearing on March 28, 2024) in his or her individual and official capacity; and

- o R. Arrisola (McConnell Unit's #3 SCC member at the hearing on March 28, 2024) in his individual and official capacity.

- **RETAINS** Plaintiff's Eighth Amendment deliberate indifference claims against:

  - o Executive Director Collier in his individual capacity;

  - o Former Director (and current Executive Director) Lumpkin in his individual and official capacity;

  - o Director Guerrero in his individual and official capacity;

  - o Warden Wysocki in her individual and official capacity;

  - o Assistant Warden Samaniego in his individual and official capacity;

  - o Assistant Warden Flannel in her individual capacity only;

  - o Major Quiroga in his individual and official capacity;

  - o Clinical Manager Breaux in her individual and official capacity;

  - o Assistant Warden Tanner in his individual and official capacity;

  - o Major Cavazos in his individual and official capacity;

  - o Sgt. Canfield in his individual and official capacity;

  - o John/Jane Doe (the SCC's No. 1 Chairperson at the March 28, 2024 review) in his or her individual and official capacity;

  - o Lt. Barrera (an SCC member) in her individual and official capacity;

- o M. Bety (SCC representative at the October 18, 2023 SCC hearing) in her individual and official capacity;

- o John/Jane Doe #2 (SCC member present at the October 18, 2023 hearing) in his or her individual and official capacity;

- o K. Cuellar (the 3rd member of the SCC Committee on October 18, 2023) in his individual and official capacity;

- o SCC John/Jane Doe (Representative at the Security Detention Review hearing on March 28, 2024) in his or her individual and official capacity;

- o R. Arrisola (McConnell Unit's #3 SCC member at the hearing on March 28, 2024) in his individual and official capacity;

- o Oscar Mendza, TDCJ's Deputy Manager of Management Operations overseeing the Security Threat Management's Office, in his individual and official capacity;

- o Sgt. James Mireles in his individual and official capacity;

- o Security Threat Group supervisor and/or manager Garcia in his individual and official capacity; and

- o Security Threat Group supervisor and/or manager Bledsoe in his individual and official capacity.

- **RETAINS** Plaintiff's First Amendment retaliation claim, based on the hunger strike, against Assistant Warden Flannel and Sgt. Canfield in their individual capacities.

- **DISMISSES without prejudice** all claims against former McConnell Unit Warden Adrian A. Amonett; former Warden E. Holmer; and John or Jane Doe, former unknown Regional Director IV.

- **DISMISSES without prejudice** Plaintiff's claims for money damages against each named defendant sued in their official capacity.

4 / 5

- **DISMISSES** Plaintiff's Claim 4 (claims against Sgt. Pedro) and Claim 7 (claims that mail room policy is unconstitutional) for improper joinder and **without prejudice** to raising such claims in separate lawsuits as appropriate.

- **DISMISSES with prejudice** Plaintiff's remaining claims against the remaining defendants as frivolous or for failure to state a claim for relief.

**ORDERED** on March 27, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE